UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL A. SADDLER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:11CV1631 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Darryl Saddler[1] to vacate, set aside or correct sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was convicted of bank robbery and of using and carrying a firearm in connection with a crime of violence, following a two-day jury trial. See US v. Sadler, 4:98CR353 CDP (E.D. Mo.). He appealed both his conviction and his sentence. The conviction was affirmed, but the sentence was reversed, and the case was remanded for sentencing. See United States v. Sadler, 234 F.3d 368 (8th Cir. 2000). Movant

---

[1] Movant spells his name "Saddler" in this case, although in his underlying criminal case it was spelled "Sadler."

was resentenced to 168 months for the bank robbery and 60 months for the firearm charge.  The sentences were ordered to run consecutively to one another and to the state sentence he was then serving.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on July 25, 2001.  This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on February 14, 2005.  Movant's motion for rehearing was denied April 25, 2005, and the mandate was issued on May 3, 2005.

In the instant motion, movant claims that new evidence, in the form of an overturned state conviction, shows that he was actually innocent of the bank robbery and firearm charges.  Movant additionally claims that at the time of his federal criminal action, his defense counsel was working in concert with the United States Attorney's Office to withhold exculpatory evidence which could have proven his innocence.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED**.

Dated this 29th day of September, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE